## TULSA MILK PRODUCERS' CO-OPERATIVE ASS'N v. HART.

No. 19634. Opinion Filed Oct. 21, 1930.

Ford & Montgomery and Leslie W. Lisle, for plaintiff in error.

Holt & Kopplin, for defendant in error.

HEFNER, J. The Tulsa Milk Producers' Co-Operative Association, a corporation, the plaintiff in error herein, as plaintiff, brought this action against Rolla Hart, defendant in error herein, as defendant. The action was for injunctive relief and damages. The contract on which this action is based provided that the defendant should deliver to the plaintiff an average amount of 25 gallons of sweet milk per day. The case was tried to the court, and after hearing the evidence and argument of counsel the court entered its judgment against the plaintiff and in favor of the defendant.

Among other defenses, the defendant pleaded that the contract sued upon was never in force and effect and was never a binding contract. In his brief he, in effect, says that he was never a member of the plaintiff association and that the plaintiff could only make contracts with persons who were members of the association.

Section 13 of chapter 181 of the Session Laws of 1923, under which the plaintiff was incorporated, among other things, provides:

"The association and its members, in pursuance of their powers to make contracts and agreements, may make marketing agreements requiring the members to sell, for any period of time, not exceeding ten years, all or any specified part of their agricultural and horticultural products, or specified commodities, exclusively to or through the association, or any facilities or as may be provided in said agreement."

The by-laws of plaintiff in part provide:

"Article III.

"Section 2. Any bona fide milk producer in any territory served by this association upon application approved by the board of directors may become a member of this association by paying the membership fee, agreeing to comply with these by-laws, and by signing the contract."

"Section 4. Each member shall pay in advance to the association a membership fee of one ($1.00) dollar.

"Section 5. The association shall issue to each member a certificate."

We think, under the statute, the plaintiff could make its contract only with persons who were members of the association. The above provisions of the by-laws provide a method whereby a person may become a member. Did the defendant ever become a member?

The contract sued on was dated July 26, 1926. At that time the plaintiff had not

been organized as a corporation. The articles of incorporation were dated July 27, 1926, and were filed with the Secretary of State on July 28, 1926, and in the office of the county clerk of Tulsa county, its principal place of business, on the 28th day of September, 1926. The minutes of the plaintiff association do not seem to show that the contract with the defendant was ever adopted.

On the question of the application of defendant for membership in the association, approval thereof by the board of directors, payment by the defendant of a membership fee, issuance of membership certificate, and transactions by the defendant with the plaintiff association, O. F. Morrow, one of plaintiff"s witnesses, testified as follows:

"Q. After July 26, 1926, was there a certificate of membership issued to Rolla Hart? A. No, sir; I don't believe there was. Q. Was any demand made upon him to pay his membership fee of one dollar? A. No, sir; not to my knowledge. Q. Did Rolla Hart ever deliver any milk to the association after July 26, 1926? A. The only move Rolla Hart ever made to comply with the contract was to sign his contract. Never did anything else than that, to the best of my knowledge. Q. After September 25, 1926, have you any minutes of the association that show where the contract with Rolla Hart was accepted and adopted? A. No, sir; I believe not. Q. Have you any minutes in the minute book of the association that show that at any time after September 25, 1926, Rolla Hart was admitted as a member of the association? A. That he admitted it or that we admitted him? Q. That you admitted him as a member? A. After September 25? No, sir; no minutes in the minute book to that effect, to my knowledge. Q. You were manager September 25, 1926? A. Yes, sir."

Under the by-laws the procedure for one to become a member of the association is as follows: First, there must be an application for membership approved by the board of directors; second, there must be an agreement on the part of the members to comply with the by-laws; third, the member must sign the contract; fourth, each member shall pay in advance to the association a membership fee of one dollar; fifth, the association shall issue to each member a certificate. The testimony discloses that the only thing done in connection with defendant becoming a member of the association was that he did sign a contract and it was signed before plaintiff was incorporated. No application for membership was ever filed or approved by the board of directors. No membership fee was ever paid. No agreement was ever made to comply with the by-laws, and no certificate of membership was ever issued to him. The record does not disclose that the defendant performed any act that would in any way estop him; in fact, no estoppel is pleaded. Under these conditions, we do not think the defendant ever became a member of the association. No part of the contract was ever performed by either party, and under the law under which the plaintiff association was organized and under its by-laws, in the absence of some ground for estoppel, the plaintiff's contract could not become operative until he became a member of the association. According to the evidence of the plaintiff's own witness, we do not think he ever became a member of the association. We therefore do not think his contract ever became a binding contract. The judgment of the trial court is affirmed.

MASON, C. J., and CLARK, RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

LESTER, V. C. J., and HUNT, J., absent.